# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM ERIC BAKER,
        Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
DC-0432-14-0759-I-1

DATE: April 2, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gerald L. Gilliard, Esquire, Washington, D.C., for the appellant.

Hansel Cordeiro, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed a Board appeal challenging his removal from his position as a Program Analyst for unacceptable performance. Initial Appeal File (IAF), Tab 1. The appellant also raised an affirmative defense of reprisal for prior equal employment opportunity activity. *See id.* at 7.

¶3 The administrative judge issued an acknowledgement order followed by a hearing order which set the deadline for the parties' prehearing submissions as August 4, 2014, the date for the prehearing conference as August 6, 2014, and the hearing date as August 27, 2014. IAF, Tabs 2, 7. The agency filed a joint motion to reschedule these deadlines because the deciding official, who was out on medical leave, was unavailable to attend the hearing on August 27, 2014.[2] IAF, Tab 8 at 4. The administrative judge granted the motion and issued an order

---

[2] Based on the record, the appellant's counsel agreed to reschedule the hearing date and requested that the parties also file a motion to modify all deadlines including discovery so as to provide the appellant additional time to submit discovery responses and to discuss settlement. IAF, Tab 8 at 4, Tab 15 at 3; Petition for Review (PFR) File, Tab 1 at 14-16.

rescheduling the deadlines to September 12, 2014, September 16, 2014, and October 1, 2014, respectively. IAF, Tab 9.

¶4 According to the administrative judge, the appellant thereafter failed to: submit prehearing submissions; appear for the September 16, 2014 prehearing conference; and return the administrative judge's telephone messages on September 16, 26, or 29, 2014. IAF, Tab 14, Tab 17, Initial Decision (ID) at 2. On September 30, 2014, the day before the rescheduled hearing, the administrative judge cancelled the hearing and ordered the appellant to show cause on or before October 6, 2014, why the appeal should not be dismissed for failure to prosecute. IAF, Tab 14. On October 7, 2014, the day after the deadline to respond to the show cause order, the appellant, through his attorney, submitted a response in which his attorney explained that he was in the process of moving and finding new housing and that, after moving into a new home on October 3, 2014, he discovered that the property did not have cellular phone reception or coverage by his existing internet provider. IAF, Tab 15 at 3-4. The administrative judge declined to consider the appellant's untimely response to the show cause order and issued an initial decision dismissing the appeal for failure to prosecute. ID at 3.

¶5 The appellant has filed a petition for review in which he reiterates the reasons why he failed to comply with the administrative judge's orders as well as argues that he attempted to file a response to the show cause order on October 6, 2014, but was unsuccessful due to technical problems with the Board's e-appeal website. PFR File, Tab 1 at 5-8. The appellant further argues that dismissal for failure to respond to one order is excessive and that the agency similarly failed to participate in the prehearing conference and submitted its prehearing submissions past the deadline. *Id.* at 11-12. The agency has filed a response and an amended response in opposition to the appellant's petition. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 17 (2013); *see* 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has: (1) failed to exercise basic due diligence in complying with Board orders; or (2) exhibited negligence or bad faith in its efforts to comply. *Davis*, 120 M.S.P.R. 34, ¶ 18 (citing *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011)). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Davis*, 120 M.S.P.R. 34, ¶ 18. The Board generally will not dismiss an appeal for failure to prosecute based on a single instance of failure to comply with a Board order. *See, e.g.*, *Burnett v. Department of the Navy*, 71 M.S.P.R. 34, 38 (1996).

¶7      We find that the administrative judge did not abuse his discretion in dismissing the appeal for failure to prosecute. Based on our review of the record below, the appellant, who was represented by counsel below, failed to exercise due diligence in prosecuting his appeal when he failed to comply with multiple Board deadlines, communications, and directives. As stated, the appellant failed to submit prehearing submissions as ordered, failed to participate in the prehearing conference, failed to respond to three separate phone messages from the administrative judge, and failed to timely respond to the order to show cause. IAF, Tab 14; ID at 2.

¶8      Even assuming that the administrative judge improperly failed to consider the appellant's untimely response to the show cause order, any error did not prejudice the appellant's rights because considering the appellant's submission on review, we find no basis for reversal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶9      The appellant's arguments raised in his untimely response to the show cause order are generally the same as those raised in his petition for review. *See* IAF,

Tab 15; *see also* PFR File, Tab 1. The appellant's representative cites his "lack of time and focus" due to personal issues. PFR File, Tab 1 at 8. Specifically, he asserts that he and his family were moving from Illinois to Massachusetts and living in temporary housing while trying to find a home because there was a housing shortage, his time was consumed filing a complaint with the Fair Housing Center of Greater Boston on behalf of his wife, and after they moved into a home on October 3, 2014, he discovered that there was no cellular phone reception or coverage by his existing internet provider. IAF, Tab 15 at 3-4; PFR File, Tab 1 at 8-9.

¶10    We are not persuaded that the appellant exercised due diligence in prosecuting his appeal. The appellant's representative, who according to his response, does extensive work before the Board, acknowledges that he received two voicemails from the administrative judge, and that, concerning his failure to file prehearing submissions, he further acknowledges that "perhaps a motion for extension would have been warranted." IAF, Tab 15 at 3; PFR File Tab 1 at 6-7. However, the appellant did not file prehearing submissions, request an extension, or respond to the administrative judge's messages.[3] Moreover, we are not persuaded that the appellant's representative's personal matters were so time-consuming that they prevented him from even requesting an extension of time to file prehearing submissions on or before September 12, 2014, to reschedule the prehearing conference on September 16, 2014, or to respond to the administrative judge's messages, given that the appellant submitted discovery

---

[3] We acknowledge that the agency's prehearing submissions were untimely filed on September 24, 2014, however, the appellant failed to file prehearing submissions at all or to return any of the administrative judge's telephone calls. *See* IAF, Tab 13 at 4, n.1. In addition, the agency promptly returned the administrative judge's call on September 16, 2014, the date of the prehearing conference, and informed the administrative judge that the agency was available for a prehearing conference at a later time convenient for everyone and was prepared to move forward with the hearing as scheduled on October 1, 2014. *See id.* However, the administrative judge and the agency tried but were unable to reach the appellant's representative. PFR File, Tab 1 at 7, n.2.

responses on September 13, 2014.[4]  *See* IAF, Tab 12.  Thus, we find that the appellant failed to make a good faith effort to comply with the administrative judge's orders and exhibited a lack of due diligence.

¶11     Lastly, while the appellant's representative specifically indicates that his client is not at fault, the Board has long held that an appellant is responsible for the errors of his chosen representative.  *See, e.g.*, *Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶ 13 (2009).  Under these circumstances, we conclude that the appellant failed to show that the administrative judge erred in dismissing his appeal for failure to prosecute.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[5]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[4] In any event, the appellant's representative's personal problems are insufficient to establish good cause for untimely filings.  *See Harris v. Department of Defense*, 101 M.S.P.R. 123, ¶ 7 (2006) (finding that unsupported general claims of seeking employment and attempting to avoid foreclosure do not establish good cause for waiving a filing deadline).

[5] The administrative judge failed to inform the appellant of his mixed-case right to appeal from the initial decision on his retaliation claim to the Equal Employment Opportunity Commission and/or the United States District Court.  This was error, but it does not constitute reversible error because we notify the appellant of his mixed-case appeal rights in this Final Order.  *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.